UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZHEN TECHNOLOGY CO. LTD, a Corporation,<br><br>             Plaintiff,<br><br>v.<br><br>ALTEC LANSING, LLC, a Delaware Limited Liability Company, and ALTEC LANSING, B.V., a limited company,<br><br>             Defendants. | Case No. 3:12-cv-2188-GPC-BGS<br><br>**ORDER DENYING DEFENDANT ALTEC LANSING, LLC'S EX PARTE APPLICATION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**(ECF NO. 45)** |

      On May 8, 2013, Plaintiff filed a motion for leave to file a second amended complaint. (ECF No. 34.) On May 24, 2013, defendant Altec Lansing, LLC ("Defendant") filed a notice of non-opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint. (ECF No. 36.) Defendant's notice of non-opposition was premised on Plaintiff's "agreement to file a joint motion to amend the current schedule in accordance with the Court's Case Management Conference Order so as to permit the Parties to obtain the necessary discovery related to [Plaintiff]'s newly asserted claims."

      On May 24, 2013, Plaintiff's counsel attempted to file the agreed upon joint motion to extend time for discovery, but that joint motion was struck on discrepancy

for failure to include the signature of Defendant's counsel.

On May 29, 2013, this Court granted Plaintiff's motion to file a second amended complaint as unopposed. (ECF No. 39.) In its order, this Court directed Plaintiff to file and serve its SAC on or before June 14, 2013.

On June 3, 2013, Plaintiff's counsel again filed a joint motion to extend time for discovery. (ECF No. 40.) On June 13, 2013, the magistrate judge denied the joint motion to extend time for discovery without prejudice, reasoning that–because the joint motion was silent as to what discovery had been taken or why the parties would require the deadlines to be extended by months–the parties had not demonstrated good cause to amend the scheduling order. The magistrate judge further noted that, while this Court may have granted Plaintiff's motion to file its SAC as unopposed, this Court did not rule on the parties' joint motion to extend time for discovery.[1]

On June 17, 2013, Plaintiff filed its SAC, (ECF No. 42)–three days after the deadline imposed by this Court's May 29, 2013 order, (ECF No. 39).

On June 20, 2013, Defendant filed the instant ex parte application to strike plaintiff's SAC as untimely. (ECF No. 45.) Defendant asserts Plaintiff's SAC should be stricken because Plaintiff cannot demonstrate its failure to meet this Court's deadline was due to excusable neglect and because Plaintiff's untimely filing has prejudiced the newly proposed defendants' ability to conduct discovery. Defendant further asserts that, as of the time it filed its ex parte application, Defendant still had not served at least two of the newly named defendants.

On June 28, 2013, Plaintiff filed an opposition to Defendant's ex parte application to strike. (ECF No. 46.) Plaintiff argues Defendant's ex parte application should be denied because Defendant has not demonstrated it was prejudiced by

---

[1] This is a correct reading of this Court's order granting Plaintiff's motion to file its SAC. Defendant's notice of non-opposition stated it was premised only on Plaintiff's "agreement *to file a joint motion* to amend the current schedule." (Emphasis added.) It was not premised on the magistrate judge *granting* said joint motion. This Court recognized that whether the joint motion should be granted would be best decided by the magistrate judge in accordance with the magistrate judge's ordinary responsibility for handling such matters.

Plaintiff's three-day delay in filing its SAC. Plaintiff notes its proposed SAC was attached it its motion for leave to file its SAC and explains it initially waited to file its SAC because the magistrate judge had not ruled on the parties' joint motion to extend time for discovery. Plaintiff further explains that, after the magistrate judge denied the joint motion to amend the scheduling order, Plaintiff hesitated filing and serving its SAC given that Defendant's non-opposition to the filing of Plaintiff's SAC was based upon the expectation that the magistrate judge would grant the joint motion to amend the scheduling order. After hesitating, Plaintiff ultimately decided to proceed with filing and serving its SAC, albeit three days late.

Plaintiff also filed a proof of service, indicating that newly named defendants Prophet Equity, LP and George Stelling have been served with the SAC. (ECF No. 47.) Plaintiff further indicates it is still attempting to locate the only newly named defendant, Pelham Smith, that remains to be served.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b).

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power may impose sanctions including, where appropriate, . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

In determining whether a "party failed to act because of excusable neglect," (Fed. R. Civ. P. 6(b)), a court should take into account all relevant circumstances, including "'the danger of prejudice to the [other party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith,'" *Comm. Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996)

(quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Mere inadvertence does not usually constitute excusable neglect. *Pioneer*, 507 U.S. at 391.

The Court finds Plaintiff has demonstrated excusable neglect in that Plaintiff's primary reason for delaying the filing of its SAC was because Plaintiff was awaiting the magistrate judge's ruling on the parties' joint motion to extend time for discovery.[2]

More importantly, however, the Court finds Defendant has not demonstrated it was prejudiced by Plaintiff's delay. While the newly named defendants may have limited time to conduct discovery pursuant to the current scheduling order, Defendant has not demonstrated why *it* would be prejudiced beyond stating it was "forced" to file the instant motion. The Court does not find Defendant's decision to file the instant motion rises to the level of prejudice required for striking Plaintiff's SAC.[3]

Furthermore, the length of Plaintiff's delay in filing its SAC and serving it on Defendant and two out of three newly named defendants was minimal. The Court thus finds the impact of Plaintiff's delay on these proceedings was also minimal. Additionally, as Plaintiff notes, Defendant had access to Plaintiff's SAC before Plaintiff filed it because a nearly identical version was attached to Plaintiff's motion for leave to file its SAC. In short, the Court finds these circumstances do not warrant the harsh remedy of striking Plaintiff's SAC. Thus, Defendant's ex parte application to strike Plaintiff's SAC, (ECF No. 45), is **DENIED**.

The Court notes Plaintiff indicates it intends to meet and confer on an ex parte motion to extend time to effectuate service on the one newly named defendant that has

/ / /

---

[2] The magistrate judge ruled on the parties joint motion to extend time for discovery just a day before this Court's deadline for Plaintiff to file its SAC.

[3] Moreover, to the extent the newly named defendants wish to seek additional time for discover, this Court notes that the magistrate judge has expressed his willingness to entertain a joint motion to extend time for discovery so long as the joint motion sets forth the remaining discovery that needs to be completed along with the reasons why that discovery cannot be completed within the time provided in the current scheduling order.

not yet been served, Pelham Smith.  The Court will thus await the filing of said ex parte motion before deciding whether Plaintiff should be granted additional time to serve Pelham Smith.

**SO ORDERED.**

DATED:  July 15, 2013

HON. GONZALO P. CURIEL
United States District Judge