UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SHENZHEN FENDA TECHNOLOGY CO. LTD, a Corporation,

Plaintiff,

v.

ALTEC LANSING, LLC, a Delaware Limited Liability Company, and ALTEC LANSING, B.V., a limited company,

Defendants.

Case No. 3:12-cv-2188-GPC-BGS

**ORDER:**

**(1) DENYING PLAINTIFF'S MOTION TO FILE UNDER SEAL, (ECF NO. 87);**

**(2) DENYING DEFENDANTS' MOTIONS TO FILE UNDER SEAL, (ECF NO. 88, 90, 92);**

**1. Plaintiff's Motion to File Under Seal**

Having reviewed Plaintiff's Motion to File Under Seal, the Court finds it is the type of administrative motion that is routinely brought ex parte. See FDIC v. Tarkanian, 2012 WL 1327856, at *1 (S.D. Cal. Apr. 17, 2012); Sullivan v. Deutsche Bank Americas Holding Corp., 2010 WL 3448608, at *1 (S.D. Cal. Aug. 31, 2010). Plaintiff nonetheless filed its Motion as a regularly noticed motion even though the first available hearing date for such a motion was April 4, 2014. It is unlikely Defendants will oppose Plaintiff's Motion because it is based on Defendants having designated certain information included in Plaintiff's Third Amended Complaint ("TAC") as

"CONFIDENTIAL" under the Protective Order entered in this case. For these reasons, the Court will construe Plaintiff's Motion to File Under Seal as an administrative ex parte motion that does not require a response from Defendants. See Curiel Civil Chambers Rules re Ex Parte Motions ("The Court may rule upon ex parte motions without requiring a response from the opposing party.")

Plaintiff does not set forth any legal standard or argument that would justify sealing portions of its TAC. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (explaining that a party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion); see also In re NVIDIA Corp. Derivative Litig., 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("[A] request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard and not the 'good cause' standard.")

Because Plaintiff seeks to seal portions of its TAC, the fact that certain information was designated as "CONFIDENTIAL" under the Protective Order does not, by itself, satisfy the "compelling reasons" standard as to the specific pieces of information that Plaintiff wants sealed. See Kamakana, 447 F.3d at 1183-84. Accordingly, Plaintiff's Motion to File Under Seal, (ECF No. 87), is **DENIED WITHOUT PREJUDICE**.

**2. Defendants' Motions to File Under Seal**

Defendants Prophet Equity, LP; Pelham Smith; and Altec Lansing, LLC (all three, "Defendants") have each filed motions to seal their respective answers to Plaintiff's TAC. (ECF Nos. 88, 90, 92.) Defendants, like Plaintiff, have failed to demonstrate compelling reasons to justify the sealing of their entire answers. See United States v. Avalos, 2007 WL 2701213, at *1 (E.D. Cal. Sept. 12, 2007) (applying "compelling reasons" standard to request to seal answer). Accordingly, Defendants' motions to file under seal, (ECF Nos. 88, 90, 92), are **DENIED WITHOUT PREJUDICE**. Pursuant to Section 2(j) this District's ECF Administrative Policies and Procedures Manual, Defendants answers (currently lodged at ECF Nos. 89, 91, and 93)

"will remain lodged under seal without further consideration" unless and until Defendants file a renewed motion to seal that sets forth the "compelling reasons" for sealing the specific portions of their answers.

**IT IS SO ORDERED.**

DATED: January 14, 2014

HON. GONZALO P. CURIEL
United States District Judge